Form B18 (10/05)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 05−57641**
**Chapter 7**

In Re

Debtor*
   Dennis Vincent Charvat
   1964 Middlebury
   Aurora, IL 60504

Social Security No.:
   xxx−xx−0194

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: May 4, 2006

Kenneth S. Gardner, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

*Set forth all names, including trade names, used by the debtor within the last 8 years. (Federal Rule of Bankruptcy Procedure 1005).

Form B18 continued (10/05)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 0752-1           User: froman                 Page 1 of 1           Date Rcvd: May 04, 2006
Case: 05-57641                 Form ID: b18                 Total Served: 13

The following entities were served by first class mail on May 06, 2006.
db           +Dennis Vincent Charvat,   1964 Middlebury,   Aurora, IL 60503-5747
aty          +Bryan M Sims,   Thompson, Rosenthal & Watts, LLP,   1001 East Chicago Ave #111,
               Naperville, IL 60540-5500
tr           +David R Brown, ESQ,   Springer, Brown, Covey, Gaertner & Davis,   400 South County Farm Road,
               Suite 330,   Wheaton, IL 60187-4547
10292249      AT&T Wireless,   Palisades Collection LLC,   P. O. Box 1274,   Englewood Cliffs, NJ 07632-0274
10292250     +Carol Metz,   5503 Pershing,   Downers Grove, IL 60515-4403
10292251     +Dennis Charvat,   816 North Loomis,   Naperville, IL 60563-3226
10292252     +Frank Charvat,   5 S 524 Columbia,   Naperville, IL 60563-2831
10292253     +Illinois Department of Revenue,   Banktuptcy Section, Level 7-425,   100 W. Randolph St.,
               Chicago, IL 60601-3218
10292255     +Kristi Mineo,   428 Buckeye,   Naperville, IL 60540-7810
10292256      Lisle Lanes, Ltd., II,   1920 Lincoln Ave.,   Lisle, IL 60532
10292258     +Receivable Management Services,   4836 Brecksville Road,   P. O. Box 523,
               Richfield, OH 44286-0523
10292259     +Resurgence Financial, LLC,   c/o Kaplan & Chaet, LLC,   5215 Old Orchard Road, Suite 300,
               Skokie, IL 60077-1020

The following entities were served by electronic transmission on May 04, 2006 and receipt of the transmission
was confirmed on:
tr           +EDI: QDRBROWN.COM May 04 2006 19:27:00      David R Brown, ESQ,
               Springer, Brown, Covey, Gaertner & Davis,   400 South County Farm Road,   Suite 330,
               Wheaton, IL 60187-4547
10292254     +EDI: IRS.COM May 04 2006 19:26:00      Internal Revenue Service,   Mail Stop 5010 CHI,
               230 S. Dearborn St.,   Chicago, IL 60604-1505
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
10292257*     Lisle Lanes, Ltd., II,   1920 Lincoln Ave.,   Lisle, IL 60532
                                                                                             TOTALS: 0, * 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 06, 2006**          **Signature:** *Joseph Speetjens*